Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4700 | **DATE** | 7/8/2002 |
| **CASE TITLE** | Peggy J. Wickline-Briggs vs. Christopher A. Briggs | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. In sum, each of several different perspectives confirms that federal subject matter jurisdiction is lacking here. That being so, 28 U.S.C. 1447(c) mandates the remand of this action to its state court of origin and this Court so orders. As authorized by this District Court's LR 81.2(b), the clerk is ordered to mail the certified coy of the remand order forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 9 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 2 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUL -9 AM 8:12 | | |
| SN | courtroom deputy's initials | date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEGGY J. WICKLINE-BRIGGS, )
)
        Plaintiff, )
)
v. ) No. 02 C 4700
)
CHRISTOPHER A. BRIGGS, )
)
        Defendant. )

MEMORANDUM OPINION AND ORDER

Christopher Briggs ("Christopher"), defendant in a state court action for dissolution of marriage brought by Peggy Wickline-Briggs ("Peggy")--an action from which an appeal by Christopher is now pending in the Illinois Appellate Court--has filed a Notice of Removal ("Notice") by which he seeks to shift that action to this District Court. Christopher's theory (see Notice ¶2) is that federal subject matter jurisdiction over that lawsuit, which was concededly lacking from its outset in the year 2000, was created when on June 14, 2002 Peggy filed a Verified Petition for Restraining Order, Injunction and Other Relief, and Petition To Compel Compliance with Court Order ("Petition").

According to one of the exhibits attached to the bulky Notice,[1] the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois entered its judgment of dissolution of

---

[1] That document is attached as Ex. C to the Complaint in another federal action, which was initiated by Christopher in June of this year in the United States District Court for the Southern District of Illinois ("Southern District Action").

marriage (which it awarded to both parties) on February 21, 2002. What remains hotly contested in the post-judgment phase of that divorce action are the parties' respective rights and obligations in what had been marital real estate in Carbondale, Illinois--that dispute has spawned (1) Christopher's appeal to the Illinois Appellate Court, (2) Peggy's Petition and (3) Christopher's Southern District Action.

Although the 1-1/2" thick Notice and its attachments reveal no end of imagination on Christopher's part (he has launched attacks of every kind on the multifarious court proceedings that have marked the parties' acrimonious disputes),[2] this current effort by Christopher to move the parties' battles to still another arena is singularly ill-conceived. Even where diversity of citizenship exists (as it does not here), the federal courts have historically stayed out of domestic relations disputes as a judicially created exception to federal jurisdiction (see the extended discussion beginning at 13 B Charles Wright, Arthur Miller and Edward Cooper, <u>Federal Practice and Procedure: Jurisdiction</u> 2d §3609 (2d ed. 1984)). And there is no arguable federal question jurisdiction here either: Notice ¶4's statutory and federal constitutional references are clearly inapplicable bootstraps, and Notice ¶9's reference to <u>Ridgway v. Ridgway</u>, 454

---

[2] This Court of course expresses no substantive views on whether either ex-spouse's grievances against the other were or are either with or without merit.

U.S. 46, 54-55 (1981) is patently beside the mark.

Just a few additional comments as to the total absence of federal subject matter jurisdiction are worth making. Christopher's Notice, filed on July 2, jumped the gun on Peggy's Petition, which the attached papers show had been noticed up for presentment to the state Circuit Court on that same day. Nothing in the Petition, although it does refer to Christopher's Southern District Action, seeks to enjoin that lawsuit. And even were the Circuit Court induced by Peggy to enter an order hereafter that might have some collateral impact on that Southern District Action, Rooker-Feldman principles (Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)) would preclude this Court from interfering with that judgment. And even if it were somehow arguably appropriate, in aid of federal jurisdiction, to enter some federal restraining order despite Rooker-Feldman and despite the proscriptions of the Anti-Injunction Act (28 U.S.C. §2283), it would be for the District Court for the Southern District of Illinois--and not for this Court--to consider that possibility.

In sum, each of several different perspectives confirms that federal subject matter jurisdiction is lacking here. That being so, 28 U.S.C. §1447(c) mandates the remand of this action to its state court of origin, and this Court so orders. Under the circumstances it is also appropriate to require Christopher to

pay any and all just costs and actual expenses, including attorneys' fees, that Peggy may have incurred (or may hereafter incur before receiving notice of this opinion and order), as the same section permits. Finally, as is authorized by this District Court's LR 81.2(b), the Clerk is ordered to mail the certified copy of the remand order forthwith.

                                   _____
                                   Milton I. Shadur
                                   Senior United States District Judge

Date: July 8, 2002